IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Henry Taylor, Jr., <br><br> Plaintiff <br><br> v. <br><br> Assistant Director D. McGhaney; Captain R. Gailard; Captain C. Kelley; Former Director Simon Major, Jr.; Current Director Anthony Dennis; Michael Stephen, Director of SCDC; Brian Sterling, <br><br> Defendants. | C/A. No. 2:18-264-CMC <br><br><br> **Opinion and Order** |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while housed at Sumter Detention Center. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").

On June 6, 2019, Defendants Dennis, Gailard, Kelley, Major, and McGhaney (the "Detention Center Defendants"), and Defendants Stephan, and Sterling (the "SCDC Defendants") filed motions for summary judgment. ECF Nos. 36, 37. A *Roseboro* Order was mailed to Plaintiff the same day, advising him of the importance of a dispositive motion and the need to file an adequate response. ECF No. 38. This mail was returned as undeliverable. ECF No. 40. The Magistrate Judge then entered an Order allowing him through July 31, 2019 to respond to the motions for summary judgment or his case would be subject to dismissal for failure to prosecute. ECF No. 41. On July 30, 2019, Plaintiff called the court and noted he would be sending an updated

address within a few days, and requested the court send any order filed between March and July to the new address. ECF No. 43. The change of address was received July 31, 2019, and the Scheduling Order, *Roseboro* Order, and order setting deadline were re-sent to the new address. ECF No. 44. An Amended *Roseboro* Order was also entered, allowing Plaintiff until August 26, 2019 to file a response to the motions for summary judgment. ECF No. 45. Plaintiff then filed a response to the SCDC Defendants' motion for summary sudgment, as well as his own motion for summary judgment. ECF Nos. 47, 49, 50. The court then issued a text order, directing Defendants to file proof of service of their motions for summary judgment on Plaintiff at Clarendon County Jail, and allowed Plaintiff to file a supplemental response brief by November 15, 2019. ECF No. 51. Defendants filed their proofs of service (ECF Nos. 52, 53). However, the court's order dated October 18, 2019 was returned to the court as undeliverable. ECF No. 57. Plaintiff called the court on October 24, 2019, stating he would send an updated address to the court and requesting any order filed from July to present be sent when he provides the updated address. ECF No. 56. No updated address was received.

On December 6, 2019, the Magistrate Judge issued a Report recommending Defendants' summary judgment motions be granted. ECF No. 58. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff's copy of the Report, sent to his last known address, was returned to the court as undeliverable[1].

---

[1] Plaintiff has twice been advised of his duty to keep the court informed of any address changes to ensure orders and other matters containing deadlines will be timely received. ECF Nos. 6, 45. However, he has failed to do so, resulting in multiple delays and diminishing his ability to fully pursue his case before this court.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the complaint, the motions, the applicable law, the record, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.

Defendants' motions for summary judgment are **granted** (ECF Nos. 36, 37), and this matter is **dismissed with prejudice**.[2]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
January 3, 2020

---

[2] Plaintiff's motion for summary judgment is dismissed as moot.